IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | CASE NO. 05-9518(SEK) |
| MIRTHA CASTRO FERNANDEZ | : | |
| DEBTOR | | CHAPTER 13 |
| | : | |
| ------------------------------- | : | |
| MIRTHA CASTRO FERNANDEZ | : | |
| PLAINTIFF | : | ADV. PROC. NO. 05-0231 |
| v. | : | |
| ELISA M. BRAVO ALBUERNE, JOSE | : | |
| R. CARRION, RG MORTGAGE CORP. | : | |
| DEFENDANTS | : | |
| ------------------------------- | : | |



**FILED & ENTERED**

**OCT 1 1 2006**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

### OPINION AND ORDER

Before the Court is co defendant's, Elisa M. Bravo
Albuerne's (hereinafter, the "Defendant"), motion to dismiss the
complaint requesting a division of certain real and personal
property held in common by the parties. The request for
dismissal is based on the doctrine of abstention. The parties
also briefed the issue of subject matter jurisdiction raised by
the Court. For reasons that follow, we find this court has
subject matter jurisdiction, and deny the motion to dismiss.

### Factual Background

Plaintiff and Defendant own real property and goods in
common.[1] In January, 2002, Defendant apparently changed the



---

[1] Plaintiff and Elisa Bravo purchased an apartment located
at Condominio Beach Tower in Isla Verde, Puerto Rico, each
holding a 50% interest in said property. They were also co-owners
of a plot of land located in Culebra, Puerto Rico, where debtor
owns 75% interest and Ms. Bravo owns the remaining 25%.

2

locks on the apartment the parties owned in common, thereby preventing plaintiff's access to this real property which had been her dwelling since 1986.  Due to this action, plaintiff filed suit before the Insular Court demanding the division of the property held in common.[2]  After three years of litigation, and while the suit was still in the stages of discovery, R&G Mortgage Corp. sued the parties for collection of money and foreclosure of its mortgage encumbering the apartment.  In order to stay R&G Mortgage Corp.'s suit, and determine which goods held in common are debtor's and estate property, Plaintiff immediately filed the petition for bankruptcy and the captioned complaint.

## DISCUSSION

A. Subject matter jurisdiction

The starting point in our analysis is 28 U.S.C. § 1334(e) which states:

> The district court in which the case under Title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.



Here, the facts show that at the commencement of the case debtor's and the estate's interest in personal and real property held in common with the defendant was subject to the outcome of the suit pending before the Insular Court.  With the filing of the bankruptcy petition, the Insular Court lost its jurisdiction to adjudicate this issue, as Section 1334 (e) vests it

---

[2] *Rivera Negrón v. Hopgood Y GRAF, Inc.*, 2006 PR App. LEXIS 63 (19 de enero del 2006); 31 Laws of P.R. Ann § 1279.

exclusively in the district court.  The district court in turn referred its jurisdiction over core bankruptcy matters to this adjunct bankruptcy court.  As Judge Wisdom explains in *Wood v. Wood*, 28 U.S.C. § 157 (a) allows the district court to refer cases and proceedings arising under or related to a case under title 11 to the bankruptcy court for adjudication.  28 U.S.C. §§ 157(b)&(c) deal with the placement of this jurisdiction in the district court or the bankruptcy court.[3]  Jurisdiction over core proceedings is lodged in the bankruptcy courts.  Jurisdiction over non core or related matters remains in the district court.  The trick is determining whether a particular matter is a core proceeding or a related non core matter.  We agree with the opinion of *Casey v. Grasso, (In re Riccitelli)*, 320 B.R. 483, 487 (Bankr. MA 2005) that orders controlling debtor's or a bankruptcy estate's interest in property is a core matter.

While we are reluctant to exercise jurisdiction to liquidate common ownership of property governed by applicable non bankruptcy law, the determination of  debtor's and her bankruptcy estate's interest in property is conferred upon us exclusively by a statute that preempts any determination by a non bankruptcy court.[4]  Therefore, we have plenary jurisdiction over this issue.

B.  Abstention

28 U.S.C. § 1334 (c) governs situations in which a court



---

[3]  *Wood v. Wood (In the Matter of Wood)*, 825 F.2d 90 (5th Cir. 1987).

[4]  1-5 *Collier Family Law and the Bankruptcy Code* P. 5.01 [2][b][ii].

4

must or may refrain from exercising its jurisdiction. We cannot exercise mandatory abstention when the issue involves a core proceeding under the exclusive jurisdiction of this court. We decline to exercise our discretion and abstain from adjudicating this matter because of the time factor involved which affects the effective administration of the bankruptcy estate for the benefit of creditors.

WHEREFORE, defendant's motion to dismiss based on abstention is denied. The Clerk shall schedule a pretrial to be held during the month of December, 2006 and notify the parties.

**SO ORDERED**, in San Juan, Puerto Rico, on October 11 , 2006.

SARA DE JESUS
U.S. Bankruptcy Judge